# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE CANNON,<br><br>                           Plaintiff,<br>  vs.<br>LUIS M. HERRERA, OSCAR ALTAMIRANO, and CELIA DUENAS,<br><br>                        Defendants. | CASE NO. 16cv2797-LAB (AGS)<br><br>**ORDER OF REMAND** |

    Antoine Cannon sued the Defendants for unlawful retainer in California state court four months ago. Defendants removed the action to this Court last week. The Court remands the case to state court because Defendants failed to show federal jurisdiction exits.

    First, Cannon's unlawful retainer action doesn't arise under the Constitution or laws of the United States. 28 U.S.C. § 1331. Defendants argue that the case implicates a federal question because the California Civil Code violates the Constitution. (Dkt. 1 ¶ 5.) But that argument violates the well-pleaded complaint rule. *See Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). The Court doesn't have federal question jurisdiction.

    Second, the Defendants haven't provided sufficient evidence that the case involves a dispute for more than $75,000 between citizens of different states. 28 U.S.C. § 1332. "In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Here, Cannon

filed a limited civil suit for less than $10,000. Defendants write: "Plaintiffs allege standing in the state court lawsuit with an amount of controversy in excess of $75,000.00." (Dkt. 1 ¶ 3.) Cannon doesn't make that claim anywhere in his complaint.

Moreover, Defendants' Notice of Removal states that "Defendants are residents of California and citizens of Mexico," but later alleges Defendant Herrera is a resident of Mexico." (Dkt.1 ¶¶ 6, 13.) That's not a sufficient showing to satisfy complete diversity: the Notice obfuscates Herrera's citizenship and doesn't explain if the Defendants are dual citizens or have permanent residence in the United States. 28 U.S.C. § 1332(a)(2). The Court doesn't have diversity jurisdiction.

The Court orders the case remanded to state court.

**IT IS SO ORDERED**.

DATED: 11/21/2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge